# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Ryan R. Corman, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 3:14-cv-32 |
| vs. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Lynne Sullivan, North Dakota State | ) | |
| Hospital 'Evaluator,' and Greg Volk, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Ryan R. Corman (Corman), who is proceeding *in forma pauperis*, filed a complaint alleging violations of 42 U.S.C. § 1983. Under 28 U.S.C. § 1915(e)(2), the court may sua sponte review an in forma pauperis complaint. If the court determines that the action is frivolous, malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from monetary relief, the court must dismiss the complaint.

## Summary of Recommendation

Greg Volk is absolutely immune from suit, since he was acting in his role as a court-appointed psychologist. Lynne Sullivan is immune from suit for monetary damages in her official capacity under the Eleventh Amendment, and she is immune from suit for monetary damages in her individual capacity for claims based on her testimony as a witness at a judicial proceeding. Corman's claim regarding Lynne Sullivan's use of allegedly discredited actuarial risk assessment tools should be stayed, since that claim is also alleged by Corman in another suit pending before this court, although it is against other defendants. To the extent Corman has requested a criminal investigation and prosecution, he is not entitled to compel that relief. It is recommended that the complaint be dismissed as to all but one claim, and that the case be stayed pending resolution of Ireland v. Anderson, D.N.D. Case No. 2:13-cv-3.

**Background**

Corman alleges that Lynne Sullivan (Sullivan), the state's psychological evaluator, committed perjury at Corman's civil commitment hearing when she testified that he had made "death threats" against North Dakota State Hospital (NDSH) staff, that he needed to be the "center of attention," that he was "disruptive," and that he displayed "inappropriate behaviors." (Doc. #9, p. 4). Corman contends that Sullivan had no contact with him, and that staff charts "entirely contradicted Sullivan's . . . testimony." Id. Corman also alleges that Sullivan's use of allegedly discredited actuarial risk assessment tools—Minnesota Sex Offender Screening Tool-Revised (MnSOST-R) and Static 99—resulted in a "false sense of risk, danger, and urgency." Id. (internal quotation marks omitted).

Corman alleges that Greg Volk (Volk), who was appointed by the state court as an independent psychological evaluator, did not thoroughly evaluate him, since he did not conduct any psychological testing, and he interviewed Corman for "only . . . 45 min[utes]." Id. at 5. Corman also contends that Volk disregarded Corman's past treatment, and utilized allegedly discredited actuarial risk assessment tools—MnSOST-R and Static 99.

Corman requests a "law enforcement investigation" and state or federal "prosecution." Id. at 6 (capitalization altered). He also requests monetary damages against the defendants in their official and individual capacities. Id. at 3, 9.

**Law and Discussion**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In construing a pro se complaint, a court is to take a liberal approach and is to hold a pro se litigant to a less stringent pleading standard than would be required of attorneys. Erickson v. Pardus, 551 U.S. 89, 93 (2007).

A complaint fails to state a claim if it does not present a "plausible" claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). When the factual content of a complaint allows the court to reasonably infer "that the defendant is liable for the misconduct alleged," the complaint has stated a plausible claim. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556).

While facts alleged in the complaint are to be accepted as true, conclusory allegations of the elements of a cause of action are insufficient to state a claim that is plausible on its face. Iqbal, 556 U.S. at 678. If, however, the complaint includes facts that undermine the claim, the court is not required to ignore those unfavorable facts; rather, the court may conclude from the alleged facts as a whole that no cognizable claim is stated as a matter of law. E.g., Edwards v. Snyder, 478 F.3d 827, 830 (7th Cir. 2007) ("[A] plaintiff may unwittingly plead himself out of court by alleging facts that preclude recovery.").

**Claims Against Greg Volk**

Volk acted as a court-appointed psychologist. He was directed to evaluate Corman and to testify at his civil commitment hearing. Court-appointed psychologists have absolute immunity from suit based on their actions in that role, because they perform functions essential to the judicial process. Morstad v. Dep't of Corr. And Rehab., 147 F.3d 741, 744 (8th Cir. 1998). Corman's claims against Volk in his individual and official capacities must therefore be dismissed.

**Claims Against Lynne Sullivan**

Sullivan is a state employee. A suit against a state employee in his or her official capacity is considered to be a suit against the state. See Will v. Michigan Dep't of State Police, 491 U.S.

58, 71 (1989). Under the Eleventh Amendment, states are immune from suits for damages in federal courts absent a waiver of that immunity. Id. at 66. The State of North Dakota has not waived its Eleventh Amendment immunity. See N.D. Cent. Code § 32-12.2-10. Corman is therefore barred from recovering monetary damages against Sullivan in her official capacity, and Corman's claims seeking monetary damages against Sullivan in her official capacity must be dismissed.

Witnesses at judicial proceedings—including government employees—are immune from suits for monetary damages alleging that the official perjured his or her testimony. Briscoe v. LaHue, 460 U.S. 325, 326, 334 (1983). Corman is therefore barred from recovering monetary damages against Sullivan in her individual capacity based on his claim that she committed perjury, and that claim must therefore be dismissed.

Corman's claim concerning use of allegedly discredited actuarial risk assessment tools is an issue in another action pending before this court in which Corman is a plaintiff. See Ireland v. Anderson, D.N.D. Case No. 2:13-cv-3. In Ireland, Corman is represented by court-appointed counsel, and he and the other plaintiffs challenge the use of the same actuarial risk assessment tools. Although Sullivan is not a defendant in Ireland, resolution of that claim in Ireland may impact the instant action. It would be beneficial both to Corman and to the court if the action in which Corman is represented by counsel were resolved before this claim is resolved. Therefore, a stay of this action is warranted in the interests of justice.

**Requests for Criminal Investigation and Prosecution**

Corman requests that the defendants be investigated and criminally prosecuted. A private citizen does not have a constitutional right or any other basis to compel a criminal investigation.

4

Mitchell v. McNeil, 487 F.3d 374, 378 (6th Cir. 2007) ("There is no statutory or common law right, much less a constitutional right, to an investigation."); see also Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). Corman is not entitled to compel a criminal investigation of the defendants' actions or the prosecution of the defendants. To the extent the complaint requests that a criminal investigation and prosecution be initiated, the complaint should be dismissed.

## Conclusion

Greg Volk is immune from suit as a court-appointed psychologist. Lynne Sullivan is immune from suit for monetary damages in her official capacity under the Eleventh Amendment, and she is immune from suit for monetary damages in her individual capacity for claims based on her testimony. Corman's claim against Sullivan in her individual capacity regarding the use of allegedly discredited actuarial risk assessment tools is related to an issue in another action pending before this court, and that claim should therefore be stayed in this case. Lastly, Corman is not entitled to compel a criminal investigation or prosecution of the defendants. Accordingly, it is **RECOMMENDED** that:

1) Corman's complaint be **DISMISSED** as to Greg Volk in his individual and official capacities;

2) Corman's complaint be **DISMISSED** as to Lynne Sullivan in her official capacity;

3) Corman's complaint be **DISMISSED** as to his claim alleging that Lynne Sullivan, in her individual capacity, committed perjury;

4) Corman's complaint be **DISMISSED** to the extent that he requests a criminal investigation and prosecution; and

5) This action be **STAYED** until the claim regarding the use of allegedly discredited actuarial risk assessment tools in <u>Ireland</u> is resolved, or until further order of the court.

Dated this 6th day of May, 2015.

/s/ Alice R. Senechal
Alice R. Senechal
United States Magistrate Judge

## NOTICE OF RIGHT TO OBJECT

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, and District of North Dakota Local Court Civil Rule 72.1(D)(3), plaintiff may object to this Report and Recommendation by filing with the Clerk of Court no later than May 22, 2015, a pleading specifically identifying those portions of the Report and Recommendation to which objection is made and the basis of any objection. Failure to object or to comply with this procedure may forfeit the right to seek review in the Court of Appeals