IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

Ryan R. Corman,

                Plaintiff,

      -vs-

Lynne Sullivan, North Dakota State
Hospital 'Evaluator,' and Greg Volk,

              Defendants.

Case No. 3:14-cv-32

**ORDER ADOPTING REPORT AND
RECOMMENDATION**

Pursuant to 28 U.S.C. § 636, the court has received a Report and Recommendation from the Honorable Alice R. Senechal, United States Magistrate Judge, recommending that Plaintiff Ryan R. Corman's complaint be dismissed as to all but one claim against Lynne Sullivan regarding the use of allegedly discredited actuarial risk assessment tools.[1] As to this claim, the magistrate judge recommends disposition be stayed pending resolution of Ireland v. Anderson, Case No. 2:13-cv-3 (D.N.D.).[2] On May 19, 2015, Corman filed objections to the Report and Recommendation.[3] Corman requests that this court not grant Greg Volk immunity because he has violated ethical principles, the code of conduct, and the law. Corman also requests that he be allowed to pursue claims against Lynne Sullivan for her "malicious disregard of ethics and law." Finally, he, again, asks for a criminal investigation and/or prosecution.

Nothing in Corman's objections change the legal conclusion that Greg Volk, in his role as a court-appointed psychologist, is absolutely immune from suit.[4] Lynne Sullivan,

---

[1] Doc. #15.

[2] Id.

[3] Doc. #16.

[4] Morstad v. Dep't of Corr. and Rehab., 147 F.3d 741, 744 (8th Cir. 1998).

the state's psychological evaluator, is immune from suit for monetary damages in her official capacity under the Eleventh Amendment[5] and she is immune from suit for monetary damages in her individual capacity for claims based on her testimony as a witness at a judicial proceeding.[6] Lastly, it is axiomatic that Corman, as a private citizen, does not have a constitutional right or any other basis to compel a criminal investigation.

After reviewing the record, considering Corman's objections, and analyzing the magistrate judge's Report and Recommendation, the court finds the magistrate judge's analysis of the claims and recommendations for disposition are appropriate. Accordingly, the court hereby **ADOPTS** the Report and Recommendation in its entirety. For the reasons stated therein, all of Corman's claims are **DISMISSED with prejudice**, with the exception of his claim against Lynne Sullivan for use of allegedly discredited actuarial risk assessment tools. This single claim is **STAYED** pending resolution of Ireland, in which the same actuarial risk assessment tools are at issue.

The court finds that any attempted interlocutory appeal would be frivolous, cannot be taken in good faith, and may not be taken *in forma pauperis*.

**IT IS SO ORDERED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated this 12th day of June, 2015.

/s/   *Ralph R. Erickson*
Ralph R. Erickson, Chief Judge
United States District Court

---

[5] Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) (state employee is immune from suits for damages in her official capacity when the state has not waived its Eleventh Amendment immunity).

[6] Briscoe v. LaHue, 460 U.S. 325, 326, 334 (1983).