# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Ryan R. Corman, )<br>)<br>    Plaintiff, )<br>) Case No. 3:14-cv-32<br>v. )<br>) **REPORT AND RECOMMENDATION**<br>Lynne Sullivan, North Dakota State ) **AND ORDER**<br>Hospital 'Evaluator,' )<br>)<br>    Defendant. ) | |

Plaintiff Ryan R. Corman, proceeding pro se and in forma paupris, asserted claims under 42 U.S.C. § 1983 related to testimony at a hearing to civilly commit him as a sexually dangerous individual (SDI). After an initial review of Corman's claims pursuant to 28 U.S.C. § 1915(e)(2), the court dismissed all claims except one regarding defendant Lynne Sullivan's use of allegedly discredited actuarial risk assessment tools.[1] (Doc. 15; Doc. 18). Additionally, the court deferred ruling on Corman's motion for court-appointed counsel. (Doc. 17; Doc. 19).

Corman's claim alleges Sullivan, the State of North Dakota's psychological evaluator, relied on discredited actuarial risk assessment tools to influence the state court to civilly commit him as an SDI. (Doc. 6, p. 1; Doc. 9, p. 4). Corman asserts Sullivan's testimony, which relied on the actuarial risk assessment tools, resulted in "a false sense of risk, danger, and urgency . . . influencing the state court to declare [him] an SDI." (Doc. 9, p. 4) (internal quotation marks omitted). Corman requests monetary damages for lost property, educational opportunities, and wages; denial of rights; and

---

[1] Corman's complaint was dismissed as to Sullivan in her official capacity. (Doc. 15; Doc. 18).

"forced unnecessary/unwanted 'treatment.'"[2] Id. at 6. He also requests punitive damages.

The claim was stayed, without consideration of its merits, because the court determined it might be related to claims in another case in which Corman is a plaintiff. (Doc. 18). That case, Ireland v. Jones, No. 3:13-cv-3, has since been certified as a class action for injunctive and declaratory relief. Subsequent to class certification in the Ireland case, the Eighth Circuit Court of Appeals decided a case involving Minnesota's sex offender treatment program, Karsjens v. Piper, 845 F.3d 394 (8th Cir. 2018). On remand, the district court held civilly committed sex offenders had no due process right to appropriate, effective, or reasonable treatment of the illness or disability that triggered their civil commitment, Karsjens v. Piper, 336 F. Supp. 3d 974 (D. Minn. 2018). Following the Karsjens decisions, a January 15, 2019 order dismissed substantive due process and procedural due process claims in the Ireland case.

On March 9, 2020, the court ordered Corman to show cause why the stayed claim in this case (and stayed claims in another case in which Corman is a plaintiff, Corman v. Schweitzer, No. 3:12-cv-107), should not be dismissed in light of the Karsjens and Ireland decisions discussed above and in light of a decision in another case in which Corman was a plaintiff, Corman v. Schweitzer, No. 3:14-cv-33.[3] (Doc. 22). Corman has not responded to the order to show cause and his time to do so has ended. The court

---

[2] Corman's requests for a criminal investigation and prosecution were dismissed. (Doc. 15; Doc. 18).

[3] Case No. 3:14-cv-33 is not relevant to this case.

concludes continuation of the stay is no longer warranted and therefore proceeds to its initial review.

## Law and Discussion

Under 28 U.S.C. § 1915(e)(2), the court may sua sponte review an in forma pauperis complaint before service on defendants. If the court determines the action is frivolous, malicious, fails to state a claim, or seeks monetary relief against a defendant immune from such relief, the court must dismiss the complaint. To state a cognizable claim, a complaint must meet the requirements of Federal Rule of Civil Procedure 8(a)(2), as interpreted by Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), Ashcroft v. Iqbal, 556 U.S. 662 (2009), and their progeny. To meet the Twombly/Iqbal standard, a complaint must present a "plausible" claim and must give the defendants fair notice of the claim and grounds upon which it rests. E.g., Zink v. Lombardi, 783 F.3d 1089, 1098 (8th Cir. 2015). When the factual content of a complaint allows the court reasonably to infer that a defendant is liable for the alleged misconduct, the complaint has stated a facially plausible claim. Iqbal, 556 U.S. at 678. In other words, the complaint must "possess enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (citing Fed. R. Civ. P. 8(a)(2)).

While facts alleged in the complaint are to be accepted as true, conclusory allegations of the elements of a cause of action are insufficient to state a claim that is plausible on its face. Id. In construing a pro se complaint, a court is to take a liberal approach and is to hold a pro se litigant to a less stringent pleading standard than would be required of attorneys. Erickson v. Pardus, 551 U.S. 89, 93 (2007).

As stated in Ireland and Karsjens, there is no constitutional right to effective sex offender treatment:

> Karsjens established that committed individuals do not have a federally recognized due process right to appropriate or effective or reasonable treatment of the illness or disability that triggered the patient's involuntary confinement. See Karsjens 845 F.3d at 410; see also, Van Orden v. Stringer, 262 F. Supp. 3d 887, 893 (E.D. Mo. July 6, 2017) (finding claims substantially similar to the one alleged here do not implicate a fundamental liberty interest); Karsjens v. Piper, 2018 WL 4039364, *6 (D. Minn. Aug. 23, 2018) (finding that committed persons do not have a recognized due process right to treatment of illness that triggered the person's involuntary confinement). Eighth Circuit case law clearly establishes that civilly committed sex offenders do not have a fundamental liberty interest or right to treatment recognized under federal law.

Ireland, No. 3:13-cv-3, Doc. 669, p. 15 (D.N.D. Jan. 15, 2019). To the extent Corman's stayed claim asserts a due process violation, it is not plausible in light of the Ireland and Karsjens decisions and should be dismissed.

Ultimately, Corman's claim challenges Sullivan's testimony about the actuarial risk assessment tools and her assessment of Corman using those tools. Witnesses at judicial proceedings, including government employees, are immune from suits for monetary damages based on their testimony during judicial proceedings. Briscoe v. LaHue, 460 U.S. 325 (1983). Because of that immunity, Corman has not stated any plausible claim that would entitle him to the relief he seeks.

Corman also requested court-appointed counsel, stating his claim was complex, appointment of counsel would benefit him and the court, and he was unable to retain counsel. (Doc. 17). Indigent civil litigants have no statutory or constitutional right to court-appointed counsel. Davis v. Scott, 94 F.3d 444, 447 (8th Cir. 1996). The court has broad discretion in deciding whether to appoint counsel. Id. Several factors are relevant

4

in determining whether an indigent civil litigant is provided court-appointed counsel. Abdullah v. Gunter, 949 F.2d 1032, 1035 (8th Cir. 1991). Relevant factors include "the factual complexity of the case, the ability of the indigent [litigant] to investigate the facts, the existence of conflicting testimony, the ability of the indigent [litigant] to present his claim and the complexity of the legal issues." Id. Additionally, the court considers whether the litigant has, in good faith, attempted to retain counsel but has been unsuccessful. Id. (quoting Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1005 (8th Cir. 1984)).

Contrary to Corman's assertions, the case is not factually or legally complex, and appointment of counsel would not benefit the court. Corman's request for court-appointed counsel, (Doc. 17), will be denied.

## Conclusion

Continued stay of Corman's remaining claim is not warranted. Having now reviewed the remaining claim pursuant to § 1915(e)(2), it is this court's opinion the stayed claim is not plausible, and this court **RECOMMENDS** Corman's remaining claim against Sullivan be dismissed and judgment be entered accordingly.

Because any appeal would be frivolous and could not be taken in good faith, this court further **RECOMMENDS** the chief district judge find any appeal may not be taken in forma pauperis.

Additionally, for the reasons discussed above, it is **ORDERED** that Corman's motion for court-appointed counsel is **DENIED**.

Dated this 9th day of April, 2020.

*/s/ Alice R. Senechal*
Alice R. Senechal
United States Magistrate Judge

5

## NOTICE OF RIGHT TO OBJECT[4]

Plaintiff may object to this Report and Recommendation and Order by filing with the Clerk of Court no later than **April 23, 2020**, a pleading specifically identifying those portions of the Report and Recommendation and Order to which objection is made and the basis of any objection. Failure to object or to comply with this procedure may forfeit the right to seek review in the Court of Appeals.

---

[4] See Fed. R. Civ. P. 72(b); D.N.D. Civ. L.R. 72.1.